IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TROY WILLIAMS                                                                    PETITIONER

V.                              CASE NO. 4:17-CV-00217-JM-JTK

MARY ATTEBURY, *Superintendent*
State of Missouri Department of Mental Health                                    RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## DISPOSITION

According to his petition, Mr. Williams is a patient at the Northwest Missouri Psychiatric Rehabilitation Center and is being unlawfully restrained of his liberty by the Missouri Department of Mental Health. (DE # 1) Petitioner was found not guilty in Missouri state court by reason of mental disease or defect in June 1984 for failing to yield to an emergency vehicle, resisting arrest by fleeing in a vehicle, failure to obey highway patrol's request, first degree assault with a motor vehicle, and arrest by means other than flight. *State of Missouri v. Troy Williams*, No. SD31196 (Mo. Ct. App. 2012). In 2010, Petitioner made a request to the Circuit Court of Pemiscot County, Missouri, for unconditional release which was denied based upon the testimony of his psychiatrist that

Petitioner is dangerous and believed to be incapable of conforming his behavior to the requirement of the law. *Id.* The Missouri Court of Appeals dismissed his appeal. *Id.*

Since his 1984 conviction, Petitioner has filed a litany of lawsuits in Missouri federal court, most of which have been dismissed for being frivolous and failing to state a claim. *See, e.g., Williams v. Correale*, No. 4:99CV284 (E.D. Mo.); *Williams v. J98 Radio Station,* No. 4:99CV1463 (E.D. Mo.); *Williams v. AT&T,* No. 4:99CV1955 (E.D. Mo.); *Williams v. Pemiscot County Circuit Court et al.,* No. 1:14CV23 (E.D. Mo.). Within the past few years, Petitioner also began filing lawsuits in Arkansas federal court. *See e.g., Troy Williams*, 2:02CV148 (E.D. Ark.); *Troy Williams v. Matthews et al.,* 4:14CV64 (E.D. Ark.); *Williams v. Doe et al.,* 4:16CV395 (E.D. Ark.). The current litigation is based upon a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against the Superintendent of the State of Missouri Department of Health. (DE # 1) In his petition, Mr. Williams alleges that a writ of habeas corpus should be issued so that he may be discharged from unlawful imprisonment in Missouri. *Id.* The remainder of the petition is unintelligible and unclear.

Pursuant to 28 U.S.C. 2241(d), a writ of habeas corpus may be filed "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." An essential requirement for habeas jurisdiction is personal jurisdiction over the one exercising some power of detention or control over the petitioner. *See Brown v. State of Arkansas*, 426 F. 2d 677, 678 (8th Cir. 1970). It is undisputed that Mr. Williams' charges for which he is

confined in a state mental health facility arose in the State of Missouri and that he is currently in the custody of a facility in the State of Missouri. Furthermore, Mr. Williams does not allege that he is in any way subject to present or future detention by Arkansas authorities. This Court, therefore, lacks personal jurisdiction over a proper custodian and cannot entertain the petition.

## CONCLUSION

Based on the foregoing, it is recommended that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE # 1) be dismissed without prejudice for lack of personal jurisdiction.

SO ORDERED this 15th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE